**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| _____ ) | |
| LG ELECTRONICS, INC. and ) | |
| LG ELECTRONICS U.S.A., INC., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | **C.A. No. _____** |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| TOSHIBA SAMSUNG STORAGE ) | |
| TECHNOLOGY CORPORATION and ) | |
| TOSHIBA SAMSUNG STORAGE ) | |
| TECHNOLOGY KOREA CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## <u>COMPLAINT</u>

Plaintiffs LG Electronics, Inc. ("LGE Inc.") and LG Electronics U.S.A., Inc. ("LGE U.S.A.") (collectively "LGE") file this Complaint for patent infringement against Defendants Toshiba Samsung Storage Technology Corporation ("TSST"), and Toshiba Samsung Storage Technology Korea Corporation ("TSST Korea") (collectively "Defendants") and allege as follows:

### THE PARTIES

1.      LGE Inc. is a corporation organized and existing under the laws of Korea with a principal place of business at 20, Yeouido-dong, Yeongdeungpo-Gu, Seoul 150-721, Korea.

2.      LGE U.S.A. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

3.      Upon information and belief, TSST is an international joint venture of Toshiba

Corporation and Samsung Electronics Co. Ltd., with a principal place of business at 1-1, Shibaura 1-Chome, Minato-ku, Tokyo 105-8001, Japan.

4.      On information and belief, TSST Korea is a subsidiary of TSST, with a principal place of business at 14th Floor, Building No. 102, Digital Empire 2, 486, Sin-dong, Yeongtong-gu, Suwon-si, Gyeonggi-do, Korea 443-734.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it involves claims arising under the United States Patent Act, 35 U.S.C. § 1 *et. seq.,* as well as Article III of the Constitution.

6.      On information and belief, TSST and TSST Korea are subject to personal jurisdiction in Delaware under the Delaware Long-Arm Statute, 10 Del. Code § 3104, because they have engaged in, *inter alia*, sales and marketing services in Delaware and as such have submitted themselves to the jurisdiction of the Delaware courts.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

## PATENTS-IN-SUIT

8.      On August 8, 2000, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,101,162 ("the '162 Patent") entitled "Method and Apparatus for Initializing Rewritable Recording Media" to inventor Dae Young Kim.  The '162 Patent relates to a method and apparatus for initializing a rewritable recording medium.  A copy of the '162 Patent has been attached as Exhibit 1 to this Complaint.

9.      On May 27, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,380,159 ("the '159 Patent") entitled "Method and Apparatus of Recording Data in the Optical Recording Medium" to inventors Yong Cheol Park, MyongGu Lee, Jong In Shin, and Kyu Hwa Jeong.  The '159 Patent relates to a recording medium and

apparatus, and a method for managing defective areas in the recording medium.  A copy of the '159 Patent has been attached as Exhibit 2 to this Complaint.

10.    On May 27, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,380,178 ("the '178 Patent") entitled "Method and Apparatus of Recording Data in the Optical Recording Medium" to inventors Yong Cheol Park, MyongGu Lee, Jong In Shin, and Kyu Hwa Jeong.  The '178 Patent relates to an optical recording medium record/playback apparatus that manages defective areas in a rewritable optical recording medium.  A copy of the '178 Patent has been attached as Exhibit 3 to this Complaint.

11.    On November 5, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,477,126 ("the '126 Patent") entitled "Optical Recording Medium and Method of Assigning its Spare Area" to inventors Yong Cheol Park and Yong Hee Han.  The '126 Patent relates to a rewritable optical recording medium and a method of assigning a spare area in the rewritable optical recording medium.  A copy of the '126 Patent has been attached as Exhibit 4 to this Complaint.

12.    Together, the '162 Patent, the '159 Patent, the '178 Patent, and the '126 Patent are referred to as "the Patents-in-Suit."

13.    LGE Inc. possesses the full right and title to assert the Patents-in-Suit by reason of assignment.

14.    LGE U.S.A. markets and sells products that practice the Patents-in-Suit in the United States.

## BACKGROUND

15.    Each of the Patents-in-Suit is essential to the practice of optical disc standards, including DVD+RW and/or DVD-RAM.

16.     Defendants' products, namely optical disc drives and DVD writers, comply with the DVD+RW and DVD-RAM standards (the "Accused Products").

17.     The DVD+RW standard specifies a physical format for rewritable DVDs.

18.     The practice of the DVD+RW standard, as implemented by the Accused Products, infringes at least claim 18 of the '162 Patent.

19.     The DVD-RAM standard specifies rewritable DVD-RAM media and the DVD writers used in, for example, computers as well as camcorders and personal video recorders.

20.     The practice of the DVD-RAM standard, as implemented by the Accused Products, infringes at least claims 18, 19 and 28 of the '159 Patent; at least claims 12, 14 and 15 of the '178 Patent; and at least claims 1, 2 and 8 of the '126 Patent.

21.     On information and belief, Defendants, either acting individually or in combination, offer to sell and/or sell within the United States and/or import into the United States the Accused Products.

22.     On information and belief, Defendants, either acting individually or in combination, also offer to sell and/or sell the Accused Products to manufacturing companies, either directly or indirectly, who manufacture computers and other devices which include the Accused Products and then use, import, offer to sell and/or sell such computers and other devices in the United States, including in this judicial district.

23.     On information and belief, Defendants, either acting individually or in combination, also offer to sell and/or sell the Accused Products to customers, either directly or indirectly, who use the Accused Products in the United States, including in this judicial district.

24.     Defendants' websites indicate that the Accused Products practice the DVD+RW and DVD-RAM standards.

25.     Product manuals also indicate that the Accused Products practice the DVD+RW and DVD-RAM standards.

26.     On information and belief, Defendants were and continue to be aware of the existence of the Patents-in-Suit, that the Patents-in-Suit cover the DVD+RW and DVD-RAM standards, and of the opportunity to license the Patents-in-Suit, because LGE Inc's Optical Media Product patents were licensed to Toshiba Corporation ("Toshiba") and TSST, a licensed "affiliate" under the agreement, from December 30, 2005 through December 29, 2010.

27.     Notwithstanding the fact that Defendants were and continue to be aware that the Accused Products practice the DVD+RW and DVD-RAM standards, and are infringing the Patents-in-Suit, Toshiba and TSST have failed to renew their license to the Patents-in-Suit, and Defendants therefore knowingly remain unlicensed.

### DEFENDANTS' INFRINGEMENT

28.     Defendants offer to sell and/or sell within the United States, and/or import into the United States, including in this judicial district, the Accused Products, which infringe (literally and/or under the doctrine of equivalents) the Patents-in-Suit.

29.     The Accused Products are also incorporated into computers and other devices, which are manufactured, imported, used, offered for sale, and/or sold within the United States, including in this judicial district, which infringe (literally and under the doctrine of equivalents) the Patents-in-Suit.

30.     The use of the Accused Products by customers also infringes (literally and under the doctrine of equivalents) the Patents-in-Suit.

31.     Defendants contributorily infringe the Patents-in-Suit by offering to sell, selling, and/or importing the Accused Products in/into this judicial district and elsewhere, knowing, as a

result of Toshiba and TSST's previous cross-license with LGE Inc. regarding optical disc technology, as well as through Toshiba's participation in the standard setting organizations that adopted these standards, that (a) the Accused Products constitute material parts of inventions claimed in the one or more claims of the Patents-in-Suit; (b) the manufacturing, use, importation, sale and/or offer for sale of computers and other devices made with the Accused Products infringe one or more claims of the Patents-in-Suit; (c) customers' use of the Accused Products infringes one or more claims of the Patents-in-Suit; (d) the Accused Products are especially made for use in computers and other devices that infringe one or more claims of the Patents-in-Suit, and also for infringing use by customers; and (e) the Accused Products are not staple articles or commodities of commerce suitable for substantial noninfringing use.

32.     Defendants actively induce the infringement of the Patents-in-Suit by encouraging and/or instructing others, including encouraging and instructing the manufacturers of computers and other devices to manufacture, use, import, offer for sale and sell computers and other devices containing the Accused Products, as well as encouraging and instructing customers of the Accused Products to use the Accused Products.  Defendants know, as a result of Toshiba and TSST's previous cross-license with LGE Inc. regarding optical disc technology as well as through Toshiba's participation in the standard setting organizations that adopted these standards, that their encouragement and/or instruction with regard to the Accused Products causes the others, including the manufacturers of computers and other devices and the customers of the Accused Products, to infringe the Patents-in-Suit.

33.     On information and belief, Defendants' determination that the Accused Products employ the DVD+RW and DVD-RAM standards, and its advertisement thereof, was done with the specific intent of encouraging others, including manufacturers which include the Accused

6

Products in their computers and other devices, and customers of the Accused Products, to infringe the Patents-in-Suit.

34.     On information and belief, the direct infringement by the manufacturers of computers and other devices and by the customers of the Accused products that Defendants encourage actually occurs and has occurred, such that these computer companies manufacture, use, import, offer to sell, and/or sell computers and other devices that infringe one or more claims of the Patents-in-Suit, and these customers use the Accused Products that infringe one or more claims of the Patents-in-Suit.

35.     As a direct and proximate result of Defendants' infringement of the Patents-in-Suit, LGE has been and continues to be damaged in an amount yet to be determined.

36.     As a direct and proximate result of Defendants' infringement of the Patents-in-Suit, LGE has suffered irreparable injury for which there is no adequate remedy at law.  Pursuant to 35 U.S.C. § 283, LGE is entitled to an injunction against further infringement by an order preventing Defendants from importing, selling and/or offering for sale any of Defendants' Accused Products in the United States.

## COUNT I

**Cause of Action for**
**Infringement U.S. Patent No. 6,101,162**

37.     The allegations contained in paragraphs 1 through 36 above are repeated and realleged as if fully set forth herein.

38.     Defendants directly infringed and are directly infringing, *inter alia*, claim 18 of the '162 Patent in violation of 35 U.S.C. § 271(a) by offering to sell and/or selling in the United States, and/or importing into the United States the Accused Products.

39.     Defendants jointly infringed and are jointly infringing, *inter alia*, claim 18 of the

'162 Patent in violation of 35 U.S.C. § 271(a) because all of the limitations claimed therein are either practiced by the Defendants, or are practiced at the direction and/or control of the Defendants.

40.    Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 18 of the '162 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing the manufacturers of computers and other devices to make, import, use, offer to sell, and/or sell in the United States computers and other devices that directly infringe, *inter alia*, claim 18, as set forth in paragraphs 28-29 and 32-36 above.

41.    Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 18 of the '162 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing customers to use the Accused Products and directly infringe, *inter alia*, claim 18, as set forth in paragraphs 28, 30 and 32-36 above.

42.    Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 18 of the '162 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that such Accused Products constitute material parts of computers and other devices, the manufacture, use, sale, offer for sale, and/or importation of which directly infringes, *inter alia*, claim 18 of the '162 Patent, as set forth in paragraphs 28-29, 31 and 35-36 above.

43.    Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 18 of the '162 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that use of the Accused Products by customers directly infringes, *inter alia*, claim 18 of the '162 Patent, as set forth in paragraphs 28, 30-31 and 35-36 above.

44.     On information and belief, Defendants' infringement of the '162 Patent has been willful.

45.     As a direct and proximate result of Defendants' infringement of the '162 Patent, LGE has been and continues to be damaged in an amount yet to be determined.

46.     Unless enjoined, Defendants will continue to infringe the '162 Patent.

## COUNT II

### Cause of Action for
### Infringement U.S. Patent No. 7,380,159

47.     The allegations contained in paragraphs 1 through 36 above are repeated and realleged as if fully set forth herein.

48.     Defendants directly infringed and are directly infringing, *inter alia*, claim 18 of the '159 Patent in violation of 35 U.S.C. § 271(a) by offering to sell and/or selling in the United States, and/or importing into the United States the Accused Products.

49.     Defendants jointly infringed and are jointly infringing, *inter alia*, claim 18 of the '159 Patent in violation of 35 U.S.C. § 271(a) because all of the limitations claimed therein are either performed by the Defendants, or are performed at the direction and/or control of the Defendants.

50.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 18 of the '159 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing the manufacturers of computers and other devices to make, import, use, offer to sell, and/or sell in the United States computers and other devices that directly infringe, *inter alia*, claim 18, as set forth in paragraphs 28-29 and 32-36 above.

51.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 18 of the '159 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are

inducing customers to use the Accused Products and directly infringe, *inter alia*, claim 18, as set forth in paragraphs 28, 30 and 32-36 above.

52. Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 18 of the '159 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that such Accused Products constitute material parts of computers and other devices, the manufacture, use, sale, offer for sale and/or importation of which directly infringes, *inter alia*, claim 18, as set forth in paragraphs 28-29, 31 and 35-36 above.

53. Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 18 of the '159 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that use of the Accused Products by customers directly infringes, *inter alia*, claim 18 of the '159 Patent, as set forth in paragraphs 28, 30-31 and 35-36 above.

54. Defendants directly infringed and are directly infringing, *inter alia*, claim 19 of the '159 Patent in violation of 35 U.S.C. § 271(a) by offering to sell and/or selling in the United States, and/or importing into the United States the Accused Products.

55. Defendants jointly infringed and are jointly infringing, *inter alia*, claim 19 of the '159 Patent in violation of 35 U.S.C. § 271(a) because all of the limitations claimed therein are either performed by the Defendants, or are performed at the direction and/or control of the Defendants.

56. Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 19 of the '159 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing the manufacturers of computers and other devices to make, import, use, offer to sell,

and/or sell in the United States computers and other devices that directly infringe, *inter alia*, claim 19, as set forth in paragraphs 28-29 and 32-36 above.

57.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 19 of the '159 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing customers to use the Accused Products and directly infringe, *inter alia*, claim 19, as set forth in paragraphs 28, 30 and 32-36 above.

58.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 19 of the '159 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that such Accused Products constitute material parts of computers and other devices, the manufacture, use, sale, offer for sale, and/or importation of which directly infringes, *inter alia*, claim 19, as set forth in paragraphs 28-29, 31 and 35-36 above.

59.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 19 of the '159 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that use of the Accused Products by customers directly infringes, *inter alia*, claim 19 of the '159 Patent, as set forth in paragraphs 28, 30-31 and 35-36 above.

60.     Defendants directly infringed and are directly infringing, *inter alia*, claim 28 of the '159 Patent in violation of 35 U.S.C. § 271(a) by offering to sell and/or selling in the United States, and/or importing into the United States the Accused Products.

61.     Defendants jointly infringed and are jointly infringing, *inter alia*, claim 28 of the '159 Patent in violation of 35 U.S.C. § 271(a) because all of the limitations claimed therein are either performed by Defendants, or are performed at the direction and/or control of Defendants.

62.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 28 of the '159 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing the manufacturers of computers and other devices to make, import, use, offer to sell, and/or sell in the United States computers and other devices that directly infringe, *inter alia*, claim 28, as set forth in paragraphs 28-29 and 32-36 above.

63.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 28 of the '159 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing customers to use the Accused Products and directly infringe, *inter alia*, claim 28, as set forth in paragraphs 28, 30 and 32-36 above.

64.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 28 of the '159 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that such Accused Products constitute material parts of computers and other devices, the manufacture, use, sale, offer for sale, and/or importation of which directly infringes, *inter alia*, claim 28, as set forth in paragraphs 28-29, 31 and 35-36 above.

65.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 28 of the '159 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that use of the Accused Products by customers directly infringes, *inter alia*, claim 28 of the '159 Patent, as set forth in paragraphs 28, 30-31 and 35-36 above.

66.     On information and belief, Defendants' infringement of the '159 Patent has been willful.

67.     As a direct and proximate result of Defendants' infringement of the '159 Patent,

LGE has been and continues to be damaged in an amount yet to be determined.

68.     Unless enjoined, Defendants will continue to infringe the '159 Patent.

## COUNT III

### Cause of Action for
### Infringement U.S. Patent No. 7,380,178

69.     The allegations contained in paragraphs 1 through 36 above are repeated and realleged as if fully set forth herein.

70.     Defendants directly infringed and are directly infringing, *inter alia*, claim 12 of the '178 Patent in violation of 35 U.S.C. § 271(a) by offering to sell and/or selling in the United States, and/or importing into the United States the Accused Products.

71.     Defendants jointly infringed and are jointly infringing, *inter alia*, claim 12 of the '178 Patent in violation of 35 U.S.C. § 271(a) because all of the limitations claimed therein are either performed by Defendants, or are performed at the direction and/or control of the Defendants.

72.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 12 of the '178 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing the manufacturers of computers and other devices to make, use, import, offer to sell, and/or sell in the United States computers and other devices that directly infringe, *inter alia*, claim 12, as set forth in paragraphs 28-29 and 32-36 above.

73.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 12 of the '178 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing customers to use the Accused Products and directly infringe, *inter alia*, claim 12, as set forth in paragraphs 28, 30 and 32-36 above.

74.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 12

of the '178 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that such Accused Products constitute material parts of computers and other devices, the manufacture, use, sale, offer for sale, and/or importation of which directly infringes, *inter alia*, claim 12, as set forth in paragraphs 28-29, 31 and 35-36 above.

75. Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 12 of the '178 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that use of the Accused Products by customers directly infringes, *inter alia*, claim 12 of the '178 Patent, as set forth in paragraphs 28, 30-31 and 35-36 above.

76. Defendants directly infringed and are directly infringing, *inter alia*, claim 14 of the '178 Patent in violation of 35 U.S.C. § 271(a) by offering to sell and/or selling in the United States, and/or importing into the United States the Accused Products.

77. Defendants jointly infringed and are jointly infringing, *inter alia*, claim 14 of the '178 Patent in violation of 35 U.S.C. § 271(a) because all of the limitations claimed therein are either performed by Defendants, or are performed at the direction and/or control of the Defendants.

78. Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 14 of the '178 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing the manufacturers of computers and other devices to make, use, import, offer to sell, and/or sell in the United States computers and other devices that directly infringe, *inter alia*, claim 14, as set forth in paragraphs 28-29 and 32-36 above.

79. Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 14

of the '178 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing customers to use the Accused Products and directly infringe, *inter alia*, claim 14, as set forth in paragraphs 28, 30 and 32-36 above.

80.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 14 of the '178 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that such Accused Products constitute material parts of computers and other devices, the manufacture, use, sale, offer for sale, and/or importation of which directly infringes, *inter alia*, claim 14, as set forth in paragraphs 28-29, 31 and 35-36 above.

81.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 14 of the '178 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that use of the Accused Products by customers directly infringes, *inter alia*, claim 14 of the '178 Patent, as set forth in paragraphs 28, 30-31 and 35-36 above.

82.     Defendants directly infringed and are directly infringing, *inter alia*, claim 15 of the '178 Patent in violation of 35 U.S.C. § 271(a) by offering to sell and/or selling in the United States, and/or importing into the United States the Accused Products.

83.     Defendants jointly infringed and are jointly infringing, *inter alia*, claim 15 of the '178 Patent in violation of 35 U.S.C. § 271(a) because all of the limitations claimed therein are either performed by Defendants, or are performed at the direction and/or control of the Defendants.

84.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 15 of the '178 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are

inducing the manufacturers of computers and other devices to make, use, import, offer to sell, and/or sell in the United States computers and other devices that directly infringe, *inter alia*, claim 15, as set forth in paragraphs 28-29 and 32-36 above.

85.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 15 of the '178 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing customers to use the Accused Products and directly infringe, *inter alia*, claim 15, as set forth in paragraphs 28, 30 and 32-36 above.

86.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 15 of the '178 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that such Accused Products constitute material parts of computers and other devices, the manufacture, use, sale, offer for sale, and/or importation of which directly infringes, *inter alia*, claim 15, as set forth in paragraphs 28-29, 31 and 35-36 above.

87.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 15 of the '178 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that use of the Accused Products by customers directly infringes, *inter alia*, claim 15 of the '178 Patent, as set forth in paragraphs 28, 30-31 and 35-36 above.

88.     On information and belief, Defendants' infringement of the '178 Patent has been willful.

89.     As a direct and proximate result of Defendants' infringement of the '178 Patent, LGE has been and continues to be damaged in an amount yet to be determined.

90.     Unless enjoined, Defendants will continue to infringe the '178 Patent.

## COUNT IV

### Cause of Action for
### Infringement U.S. Patent No. 6,477,126

91.     The allegations contained in paragraphs 1 through 36 above are repeated and realleged as if fully set forth herein.

92.     Defendants directly infringed and are directly infringing, *inter alia*, claim 1 of the '126 Patent in violation of 35 U.S.C. § 271(a) because the Accused Products use the method(s) claimed therein.

93.     Defendants jointly infringed and are jointly infringing, *inter alia*, claim 1 of the '126 Patent in violation of 35 U.S.C. § 271(a) because all of the steps of the method(s) claimed therein are either performed by the Defendants, or are performed at the direction and/or control of the Defendants.

94.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 1 of the '126 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced the manufacturers of computers and other devices to make, use, import, offer to sell, and/or sell in the United States computers and other devices that use the method(s) claimed therein, as set forth in paragraphs 28-29 and 32-36 above.

95.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 1 of the '126 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing customers to use the Accused Products and perform the method(s) claimed by, *inter alia*, claims 1, 2 and 8 of the '126 Patent, as set forth in paragraphs 28, 30 and 32-36 above.

96.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 1 of the '126 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United

States, knowing that such Accused Products constitute material parts of computers and other devices, the use of which directly infringes, *inter alia*, claim 1 of the '126 Patent, as set forth in paragraphs 28-29, 31 and 35-36 above.

97.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 1 of the '126 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that such Accused Products constitute material parts of the methods performed by the customers of the Accused Products, which directly infringe, *inter alia*, claim 1 of the '126 Patent, as set forth in paragraphs 28, 30-31 and 35-36 above.

98.     Defendants directly infringed and are directly infringing, *inter alia*, claim 2 of the '126 Patent in violation of 35 U.S.C. § 271(a) because the Accused Products use the method(s) claimed therein.

99.     Defendants jointly infringed and are jointly infringing, *inter alia*, claim 2 of the '126 Patent in violation of 35 U.S.C. § 271(a) because all of the steps of the method(s) claimed therein are either performed by the Defendants, or are performed at the direction and/or control of the Defendants.

100.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 2 of the '126 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced the manufacturers of computers and other devices to make, use, import, offer to sell, and/or sell in the United States computers and other devices that use the method(s) claimed therein, as set forth in paragraphs 28-29 and 32-36 above.

101.     Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 2 of the '126 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing

customers to use the Accused Products and perform the method(s) claimed by, *inter alia*, claim 2 of the '126 Patent, as set forth in paragraphs 28, 30 and 32-36 above.

102.    Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 2 of the '126 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that such Accused Products constitute material parts of computers and other devices, the use of which directly infringes, *inter alia*, claim 2 of the '126 Patent, as set forth in paragraphs 28-29, 31 and 35-36 above.

103.    Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 2 of the '126 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that such Accused Products constitute material parts of the methods performed by the customers of the Accused Products, which directly infringe, *inter alia*, claim 2 of the '126 Patent, as set forth in paragraphs 28, 30-31 and 35-36 above.

104.    Defendants directly infringed and are directly infringing, *inter alia*, claim 8 of the '126 Patent in violation of 35 U.S.C. § 271(a) because the Accused Products use the method(s) claimed therein.

105.    Defendants jointly infringed and are jointly infringing, *inter alia*, claim 8 of the '126 Patent in violation of 35 U.S.C. § 271(a) because all of the steps of the method(s) claimed therein are either performed by the Defendants, or are performed at the direction and/or control of the Defendants.

106.    Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 8 of the '126 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced the manufacturers

of computers and other devices to make, use, import, offer to sell, and/or sell in the United States computers and other devices that use the method(s) claimed therein, as set forth in paragraphs 28-29 and 32-36 above.

107.    Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 8 of the '126 Patent in violation of 35 U.S.C. § 271(b) because Defendants induced and are inducing customers to use the Accused Products and perform the method(s) claimed by, *inter alia*, claim 8 of the '126 Patent, as set forth in paragraphs 28, 30 and 32-36 above.

108.    Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 8 of the '126 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that such Accused Products constitute material parts of computers and other devices, the use of which directly infringes, *inter alia*, claim 8 of the '126 Patent, as set forth in paragraphs 28-29, 31 and 35-36 above.

109.    Defendants indirectly infringed and are indirectly infringing, *inter alia*, claim 8 of the '126 Patent in violation of 35 U.S.C. § 271(c) because Defendants offer to sell and/or sell the Accused Products in the United States, and/or import the Accused Products into the United States, knowing that such Accused Products constitute material parts of the methods performed by the customers of the Accused Products, which directly infringe, *inter alia*, claim 8 of the '126 Patent, as set forth in paragraphs 28, 30-31 and 35-36 above.

110.    On information and belief, Defendants' infringement of the '126 Patent has been willful.

111.    As a direct and proximate result of Defendants' infringement of the '126 Patent, LGE has been and continues to be damaged in an amount yet to be determined.

112.     Unless enjoined, Defendants will continue to infringe the '126 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request this Court enter the following relief:

A.     a judgment that Defendants have directly infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a);

B.     a judgment that Defendants have jointly infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(a);

C.     a judgment that Defendants have indirectly infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(b);

D.     a judgment that Defendants have indirectly infringed the Patents-in-Suit in violation of 35 U.S.C. § 271(c);

E.     a judgment preliminarily and permanently enjoining Defendants and their respective agents, servants, officers, directors, employees and all other persons acting in concert with them, from directly, jointly, or indirectly infringing, inducing others to infringe, or contributing to the infringement of the Patents-in-Suit;

F.     a judgment awarding Plaintiffs damages for infringement of the Patents-in-Suit, including lost profits, but in an amount no less than a reasonable royalty, for the use made of the inventions by the Defendants;

G.     a judgment enhancing the damages in an amount up to treble the amount of compensatory damages, as provided by 35 U.S.C. § 284;

H.     a judgment awarding Plaintiffs reasonable attorneys' fees, as provided by 35 U.S.C. § 285;

I.     a judgment awarding Plaintiffs interest and costs;

J.      a judgment granting Plaintiffs such other and further relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

LGE demands trial by jury on all claims and issues so triable.

Dated:  August 22, 2012                        */s/ Richard K. Herrmann*
                                         Richard K. Herrmann (#405)
                                         Mary B. Matterer (#2696)
                                         Kenneth L. Dorsney (#3726)
                                         MORRIS JAMES LLP
                                         500 Delaware Avenue, Suite 1500
                                         Wilmington, DE 19801
                                         (302) 888-6800
                                         rherrmann@morrisjames.com
                                         mmatterer@morrisjames.com
                                         kdorsney@morrisjames.com

                                         Steven Lieberman
                                         Joo Mee Kim
                                         Brian A. Tollefson
                                         Jenny L. Colgate
                                         ROTHWELL, FIGG, ERNST & MANBECK, PC
                                         607 14th Street, N.W., Suite 800
                                         Washington, D.C.  20005
                                         (202) 783-6040

                                         *Attorneys for Plaintiffs*
                                         *LG Electronics, Inc. and*
                                         *LG Electronics U.S.A., Inc.*