```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                  IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -
     LG ELECTRONICS, INC. and
 4   LG ELECTRONICS U.S.A., INC.,           :
                                            :    CIVIL ACTION
 5              Plaintiffs,                  :
     v                                       :
 6                                           :
     TOSHIBA SAMSUNG STORAGE                 :
 7   TECHNOLOGY KOREA CORPORATION,           :
                                             :
 8              Defendant.                   :
     ------------------------------------    :
 9   TOSHIBA SAMSUNG STORAGE                 :
     TECHNOLOGY KOREA CORPORATION,           :
10                                           :
                Counterclaim-Plaintiff,      :
11   v                                       :
                                             :
12   LG ELECTRONICS, INC., LG                :
     ELECTRONICS U.S.A., INC., and LG        :
13   International (AMERICA), INC.,           :    NO. 12-1063-LPS
                                             :
14              Counterclaim-Defendants.

15                              - - -

16                        Wilmington, Delaware
                        Wednesday, July 22, 2015
17                        Telephone Conference

18                              - - -

19   BEFORE:          HONORABLE LEONARD P. STARK, Chief Judge

20   APPEARANCES:                   - - -

21
                 MORRIS JAMES, LLP
22               BY:  MARY B. MATTERER, ESQ.

23                      and

24
                                  Brian P. Gaffigan
25                                Registered Merit Reporter
```

1    APPEARANCES:   (Continued)

2
                 ROTHWELL FIGG ERNST & MANBECK, P.C.
3                BY:   STEVEN LIEBERMAN, ESQ.,
                       JENNY L. COLGATE, ESQ., and
4                      MICHAEL H. JONES, ESQ.
                       (Washington, District of Columbia)
5
                           Counsel for LG Electronics, Inc. and
6                          LG Electronics U.S.A., Inc.

7
                 DLA PIPER, LLP
8                BY:   DENISE SEASTONE KRAFT, ESQ.

9                     and

10               DLA PIPER, LLP
                 BY:   SAORI KAJI, ESQ.
11                     (East Palo Alto, California)

12                    and

13               DLA PIPER, LLP
                 BY:   STANLEY J. PANIKOWSKI, ESQ.
14                     (San Diego, California)

15                         Counsel for Toshiba Samsung Storage
                           Technology Corporation and Toshiba
16                         Samsung Storage Technology Korea
                           Corporation

17

18

19

20                         - oOo -

21                    P R O C E E D I N G S

22               (REPORTER'S NOTE:   The following telephone

23   conference was held in chambers, beginning at 9:05 a.m.)

24               THE COURT:   Good morning, everybody.   This is

25   Judge Stark.   Who is there, please?

1          MS. MATTERER:  Good morning, Your Honor.  This

2     is Mary Matterer from Morris James.  And I have with me

3     Steven Lieberman, Jenny Colgate, and Michael Jones from the

4     Rothwell Figg law firm for the plaintiff.

5          THE COURT:  Okay.  Thank you.

6          MS. KRAFT:  Good morning, Your Honor.  This is

7     Denise Kraft on behalf of the TSST parties; and with me is

8     Sam Panikowski and Saori Kaji, all of DLA Piper.

9          THE COURT:  Okay.  Good morning to all of you.

10    And I have my court reporter here with me.

11         For the record, it is our case of LG Electronics

12    Inc. et al versus Toshiba Samsung Storage Technology Korea

13    Corporation, Civil Action No. 12-1063-LPS.

14         I set this as a time to talk about scheduling.

15    I have reviewed your proposed scheduling order as well as

16    the detailed response to the joint management checklist

17    which is very helpful.  Thank you very much for that.  But

18    I did think as a result of seeing all that, it would be

19    helpful if we talk before I implement a schedule here so

20    that's the reason for the call.

21         Let me give plaintiff a chance first to speak to

22    whatever issues you think are important for us to address in

23    our time together this morning, so go ahead, please.

24         MR. LIEBERMAN:  Good morning, Your Honor.  This

25    is Steve Lieberman.

1          As you have seen, the parties have agreed on a

2    large number of issues with respect to scheduling and

3    discovery and the various other matters covered in the

4    Court's checklist.  There are six issues to which the

5    parties did not agree:  two issues which I would call major

6    issues that affect a number of items and the two major

7    issues are interrelated, and then four very specific

8    relatively minor differences that affect things like the

9    length of a particular deposition or one aspect of core

10    technical document production.  So I'd like to flag the two

11    major issues that I believe are interrelated and that affect

12    the number of items with the Court's permission.

13          The first item is the question of whether the

14    counterclaims asserted by TSST, whether the Court should

15    decline jurisdiction of the counterclaims, several of the

16    counterclaims, set them as a separate case.  There are a

17    variety of options that the Court has.

18          And the second related issue has to do with an

19    anticipated stay motion that LG intends to make with respect

20    to the TSST case.  Specifically, LG intends to file by next

21    Friday IPRs on all four of the patents.  Two of those IPRs

22    may be filed as early as Friday of this week but all four of

23    them will be filed by next Friday.  The present stay issue

24    relates to issues on how the counterclaims are handled but

25    it made sense to discuss the two issues together.

1          THE COURT:  Now, before you go any further, let

2    me ask you a couple of questions about those two broad

3    issues.

4          First off, in looking at the docket, I see that

5    you have filed a motion to dismiss for failure to state a

6    claim.  That goes to the TSST counterclaims; is that right?

7          MR. LIEBERMAN:  That's correct, Your Honor.  In

8    response to that motion, TSST filed an amended pleading

9    which we believe only partially cures the problem, and we're

10   in the process of considering whether or not our response to

11   the amended pleading will be another motion to dismiss.

12         THE COURT:  All right.  But in addition to

13   motion to dismiss, your question about whether I should

14   decline jurisdiction or sever or do something with the

15   discretionary authority that I would have, that has not been

16   teed up as a motion yet.  That is at this point simply a

17   request in a case management context; is that right?

18         MR. LIEBERMAN:  That's correct, Your Honor.  In

19   consultation with Delaware counsel, in reviewing the past

20   history of this Court's cases, we saw that the Court likes

21   to avoid motion practice as much as possible.  And we

22   thought it might be useful to discuss the issue at this

23   conference and then follow the Court's guidance as to

24   whether you wish us to file a formal motion.

25         THE COURT:  Right.  And then in terms of

1    background further in the checklist, the parties indicate

2    that they would jointly consent to the Magistrate Judge

3    having jurisdiction to resolve any motions to dismiss stay,

4    transfer, or sever.  Do I understand that to mean what it

5    sound like it means, and if so, might your current motion

6    to dismiss or your proposed motion to stay or maybe even a

7    motion to sever, might that all go to the Magistrate or is

8    that not what you had in mind?

9             MR. LIEBERMAN:  I think certainly with respect

10   to the motion to dismiss and the motion to sever, the

11   parties have agreed that those motions would go to the

12   Magistrate.  We didn't know, since the Court set this

13   conference, whether the Court would want to deal with the

14   issue of declining jurisdiction or severance or leave it to

15   the Magistrate Judge, but since Your Honor is in the process

16   of setting a schedule, and since these two issues are

17   critical to the issue of setting of an appropriate schedule,

18   we thought it made sense to raise the issues with Your Honor

19   during this conference.

20            Certainly, as to the motion to dismiss or a

21   motion to stay, we're amenable, if the Court would like, for

22   that issue to be decided by the Magistrate Judge.

23            THE COURT:  All right.  So go ahead then and

24   talk about these two issues just a little bit.  But what I

25   am mostly going to be thinking as you are talking is whether

1    or not, particularly on the severance question or the larger

2    question of what do we do with the TSST counterclaims, is

3    that the kind of thing that I'm really going to be comfortable

4    deciding after just a discussion or am I going to need

5    formal briefing, and if so, who is going to decide it.  But

6    with that background, please go ahead and say what you would

7    like.

8              MR. LIEBERMAN:  Thank you, Your Honor.  We think

9    the issue is clear on this point, but I thought lots of

10   issues have been clear on things in the past where it turns

11   out they are a bit more complicated.

12             In this case, LG filed its complaint on four

13   patents back in August of 2012.  Those four patents all

14   relate to the general subject matter of how information is

15   stored and formatted on disks and how defects are handled,

16   what is called defect management so.  For example, if there

17   is a scratch or dust on the disk or part of a disk is worn

18   out, how the software controls where the information is

19   put so it minimizes the damage to the -- or maximizes the

20   ability of the information.  So they're all related to

21   softwares aspects.

22             A little more than two and-a-half years later,

23   on April 2nd, 2015, TSST filed its answer and counterclaims

24   in which it asserted four patents against LG.  Those four

25   patents, while they relate to optical disk drives, have no

1   other connection to the four patents that LG had sued on.

2   That is, each of the four patents relates to a particular

3   mechanical aspect of optical disk drives:  to the lens, to

4   the way the disk is balanced, for example.  They're hardware

5   patents and they each relate to specific components.

6          Now, Your Honor might wonder what was going on

7   in the interim.  In the interim, there had been a motion to

8   dismiss filed by the TSST entities for lack of in personam

9   jurisdiction.  That took a while to be addressed.  And while

10  it was being considered by the Court, the case was essentially

11  stayed although there was no formal stay order.

12         TSST had also chosen to file two IPR petitions,

13  directed to two of the four patents.  They didn't file with

14  respect to the other two.  As to those two IPR petitions,

15  certain claims were invalidated and certain claims were not.

16  On the '126 patent, there were several claims that we are

17  alleging are infringed in this lawsuit.  Where the IPR was

18  not instituted on the '162 patent, all of the claims that

19  we contend are infringed were invalidated by the PTAB.

20  We filed an appeal and our opening brief is due on

21  September 11th.

22         As I mentioned, on April 2nd, TSST filed its

23  counterclaims on these four mechanical patents.  We have now

24  had a chance to identify the prior art, go through the very

25  complex process of putting together IPR petitions.  And we

1     are going to be file IPR petitions on the four patents by

2     next Friday.

3              And Your Honor knows it's very typical in patent

4     litigation now for there to be essentially two stages and

5     two different venues for patent litigation.  The first is

6     the patents are often fought over before the PTAB either in

7     IPRs or CBMs, and then when the dust settles, the PTAB

8     litigation continues, if there is anything left, in the

9     District Courts.

10             TSST had the opportunity to do that with respect

11    to the four LG patents.  It only exercised the opportunity

12    with respect to two, but it had the opportunity to do that

13    and to go through the whole process before the litigation

14    began.

15             We have not yet had that opportunity with

16    respect to the TSST patents.  So our request is that because

17    the patents cover completely different subject matter,

18    subject matter which is connected only because the patents

19    all relate to optical disk drives, connected in no other

20    way, that the two cases be handled on separate tracks so

21    that when we file our stay motion and the Court decides

22    whether or not to stay this case, it will be easy to

23    separate the two sets of claims.

24             Both cases, as the parties have agreed, are

25    exceedingly complicated, requiring a large number of

1    depositions and I wouldn't say an extremely extended

2    schedule but a schedule sufficient to allow the issues to

3    be prepared in discovery.

4              Making this an eight patent case would make

5    this difficult for the parties, making it difficult for the

6    Court, making it difficult for the ultimate trier of fact

7    particularly here since the total number of claims involved

8    in the TSST counterclaims, they have in excess of 150 claims

9    in those patents.

10             THE COURT:  So your request would be I exercise

11   discretion and effectively sever the counterclaim patents

12   and maybe open that as a separate case and deal with

13   scheduling of that case independent of the case that you

14   initially brought.  Is that essentially your request?

15             MR. LIEBERMAN:  That is correct, Your Honor.

16   Our preference would be if the Court were to stay that case

17   while it had the chance to consider our motion for a stay

18   based on the IPR filings.  We are aware of a number of

19   decisions from this Court in which you preferred to decide

20   the issue of the stay after the PTAB has acted on the

21   question of whether or not to institute the IPRs.  And we

22   understand that is the Court's sort of default preference.

23   We would urge that in this case it makes good sense to

24   actually stay the counterclaims from this point on.

25             The parties are going to have quite a lot to do

1    with respect to LG's claims; and we ask as a matter of

2    parity that we be able to take our shot at the TSST patents

3    in the same way that TSST was able to take a shot at our

4    patents in the litigation.

5              THE COURT:  Your view of the counterclaims is

6    that they are not compulsory counterclaims, but they are,

7    although it took awhile for us to resolve the motion, they

8    are timely counterclaims.  Do I have both of those points

9    correct?

10             MR. LIEBERMAN:  You do, Your Honor.

11             THE COURT:  Let me stop you there, and let me

12   hear from the defendants just on these points we've

13   addressed to this point.

14             MR. PANIKOWSKI:  Good morning, Your Honor.  This

15   is Stanley Panikowski from DLA Piper for defendant and

16   counterclaimant TSST-K.

17             Your Honor, we believe there is a threshold

18   procedural matter that the issues that LG has raised with

19   respect to possible severance of the counterclaims and the

20   possible stay pending a possible IPR petition should be

21   resolved by formal motion.  As we stand now, we have not

22   yet seen any IPR petitions from LG.  We have identified a

23   number of exemplary claims or counterclaims for each of the

24   asserted patents.  We do not know at this point what claims

25   LG's promised IPR petitions will be challenging.  We don't

1    know the grounds for those.  We haven't had an opportunity

2    to see what their arguments are.  And for that reason alone,

3    the request right here is premature and TSST-K should have

4    the opportunity to see LG petition, see their full argument

5    for why these counterclaims should be severed and stayed and

6    then have a full opportunity to respond to those arguments.

7              THE COURT:  Well, let me --

8              MR. PANIKOWSKI:  To address some of the --

9              THE COURT:  Hold on a second.  I think, at

10   least from what I have heard to this point, I'm seeing a

11   distinction between the severance question and the stay

12   issue.  I certainly agree with you in the context of even

13   this case, I don't think that I should stay your counterclaims

14   without at least seeing a motion and at least seeing what

15   they put at issue in the IPRs.  So I don't believe I'll be

16   staying anything today.

17             But what more do I need to know other than what

18   you are going to argue now about whether or not I should

19   sever your counterclaims?  Why would we need a formal motion

20   on that?

21             MR. PANIKOWSKI:  Your Honor, LG had said the

22   opposite of their argument, that they believed that the

23   questions of severance and stay are interrelated.  And that

24   is why we believe on their motion to sever that it would be

25   appropriate for us to seek a formal motion.  But to the

1    extent that Your Honor is viewing those issues as separate

2    at this stage, we do not see any reason to sever the TSST

3    counterclaims into a different case.

4           We do have commonalities here in terms of both

5    sets of patents relating to optical disk drive technology.

6    We have issues relating to the level of ordinary skill in the

7    art that will be similar here.  The types of technologies

8    across the eight patents are different, but there are no

9    differences that would require these patents to proceed in

10   separate cases.

11          The parties have the same counsel for all these

12   patents, and the parties have already been dealing with

13   discovery and other issues with respect to both the LG patents

14   and the TSST-K patents, and it would be most efficient, Your

15   Honor, for the parties to continue to proceed with all of

16   those issues together.

17          Your Honor, LG has referred to the fact that

18   its claims have been pending for a longer time than TSST-K's

19   counterclaims.  However, Your Honor, we do not think that

20   that is material to the severance issue because what is

21   relevant is where we are now as opposed to how we got here.

22   TSST-K's counterclaims are timely.  We did not know until

23   relatively recently whether TSST-K was even going to be a

24   party subject to personal jurisdiction of this Court.

25          As it stands now, both LG's claims and TSST-K's

1    counterclaims are essentially in the same place with respect

2    to the discovery.  Even LG's motion to dismiss was a partial

3    motion to dismiss.  It was simply directed to the allegations

4    of induced infringement and willful infringement.  It did not

5    in any way affect the allegations of direct infringement

6    against LGE USA.  So we know that we're going to be receiving

7    an answer to the counterclaims at least with respect to LGE

8    USA as LGE decides what approach it wants to take in response

9    to our amended counterclaims before Your Honor.

10           It makes sense for not only the cases to proceed

11   at the same pace but also to do so in the same case for

12   purposes of efficiency.  And to the extent there might be any

13   issues, Your Honor, with respect to the number of claims and

14   the amount of material that is going to be presented to a

15   trier of fact, you could of course address that as this Court

16   has done in many other instances by considering whether it

17   makes sense to have back-to-back trials at the end of the day

18   on the separate sets of claims.

19           THE COURT:  All right.  All that said, do you

20   agree that severance is a discretionary decision and I have

21   discretion to sever and order you to proceed in a separate

22   case on your patents?

23           MR. PANIKOWSKI:  Yes, Your Honor.  TSST-K agrees

24   you have the discretion to sever or not to sever here.

25           THE COURT:  And would that be particularly

1    prejudicial to your client?

2              MR. PANIKOWSKI:  Your Honor, if the cases were

3    to proceed at the same pace, severance into separate cases

4    would not be particularly prejudicial.  However, we do not

5    see any particular efficiencies or benefit arising from any

6    severance of LG's claims and TSST-K's counterclaims.

7              THE COURT:  Okay.  Is there anything else,

8    Mr. Panikowski, you want to add on severance or stay at this

9    point?

10             MR. PANIKOWSKI:  No, Your Honor.  There is

11   nothing further that we want to add with respect to severance.

12             With respect to stay, we understand that Your

13   Honor is likely to be addressing that only in response to a

14   formal motion by LG.  We would like to note that LG's appeals

15   on the two patents that were the subject of invalidation of

16   certain claims in the IPR proceedings are now pending and LG

17   has not agreed to stay any proceedings on the '126 patent or

18   the '162 patent.

19             We understand from what LG's counsel said today

20   that they do believe that they're going to be proceeding on

21   claims with respect to the '126 patent, and we have not yet

22   heard what claims they may be proceeding on there.  All of

23   the claims that were in LG's complaint with respect to the

24   '126 and '162 patents were invalidated.  And, Your Honor, we

25   just wanted to note that as a reference point where the LG

1    patents are in a very, very different procedural situation

2    with respect to IPR than the TSST-K counterclaim patents,

3    yet LG has not agreed to stay any proceedings on those

4    patents which have already gone through the complete PTAB

5    process and are currently on appeal.

6                THE COURT:  At this point --

7                MR. PANIKOWSKI:  And other than that --

8                THE COURT:  At this point, I don't have a motion

9    to stay with respect to those patents from you; correct?

10               MR. PANIKOWSKI:  That is correct, Your Honor.

11   We have not yet filed a stay motion, and we expect to file

12   a stay motion on those patents within the next week.

13               THE COURT:  Okay.  Thank you.  Mr. Lieberman, is

14   there anything else you want to add on severance or stay at

15   this point?

16               MR. LIEBERMAN:  Three very quick points.

17               On page 26 of the submission that we made to

18   the court, Document No. 63, we cite a decision by Judge

19   Robinson which we believe is directly on point on the issue

20   of severance and declining jurisdiction, a case called

21   *Matallgesellscaft v Foster Wheeler*.  If I could just read

22   one sentence from that decision.

23               "First, I decline to further delay resolution

24   of, I forgot the case number, the progress of which has been

25   negligible since the completion of the initial

1    jurisdictional discovery phase.  As significant, I conclude

2    that the joint adjudication of MG's patent claims and FW's

3    patent claims would unduly complicate the intrinsically

4    complex factual and legal issues at bar.  Judicial economies

5    can be accomplished without litigating all the disputes

6    between these parties in one action."

7              This is a case that is eerily similar to what we

8    have here.  So I would urge the Court's consideration of

9    that decision.

10             No. 2.  Mr. Panikowski said that he will get at

11   least an answer with respect to the direct infringement

12   claim.  I don't believe that is right.  If we decide that

13   we're going to move against the indirect infringement claims

14   and the willful infringement claims, I believe that also

15   stays our time to provide an answer with respect to the

16   parties on behalf of which we move.

17             And the third point has to do with the '126

18   patent.  There are two claims, claims 3 and 4, as to which

19   TSST had asked for institution of an IPR and as to which the

20   PTAB had declined institution.  Those are claims we believe

21   are infringed as well as is claim 5 which was not the

22   subject of a request for IPR institution.  That would have,

23   of course, become relevant when TSST filed its motion for a

24   stay.

25             THE COURT:  All right.  But are you, at this

1    point, reserving the right to proceed on claims of your

2    patents that did not emerge successfully, from your

3    perspective, from the PTAB?

4              MR. PANIKOWSKI:  Yes, Your Honor.  Particularly

5    in light of the fact that we have four patents in our

6    complaint and they only instituted, they only sought

7    institution of IPR on two of the four.  So two of the four

8    are certainly going to go forward.  And we certainly believe

9    it makes sense to go forward on the three claims that we

10   believe are infringed but were not the subject of the IPR

11   decision at the same time.

12             THE COURT:  Right.  I think my question wasn't

13   clear.  I meant to focus on those that were the subject of

14   IPR and where you did not prevail with respect to those,

15   so they were cancelled or rejected or whatever.  Are you

16   reserving the right to proceed on those claims as well in

17   this litigation?

18             MR. PANIKOWSKI:  I think that is something we

19   would like to think about, Your Honor.  We don't have a

20   finality on that yet.

21             THE COURT:  Okay.  Thank you.  And then,

22   Mr. Panikowski, is there anything else you want to add on

23   severance or stay?

24             MR. PANIKOWSKI:  Your Honor, I would simply like

25   to point out two things.

1          One.  With respect to receiving an answer from

2     LGE USA to the counterclaims, we know that we will be

3     receiving such an answer.  We do not know when we will be

4     receiving that answer.  But the point there is that we know

5     that regardless of how LG decides to respond to the amended

6     counterclaims and what may happen with any motion practice

7     there that we will be moving forward with an answer from at

8     least one counterclaim defendant on those patents.  And,

9          Second, Your Honor, with respect to the 1992

10    decision that LG cited in support of the severance request,

11    Your Honor, that decision is distinguishable because it

12    was not clear whether the Court was going to be ultimately

13    proceeding on the counterclaim patents that were asserted

14    there.

15         Here, Your Honor, we know that we're going to be

16    proceeding on those regardless of what happened from LG's

17    perspective in response to our amended counterclaims.  So,

18    Your Honor, in this instance, there is not that basis for a

19    discretionary severance.

20         We also have issues, Your Honor, where there is

21    a possibility that at least some of the LG patents will be

22    stayed pending the appeal from the IPR.  LG has said that

23    they want to file a stay motion on the TSST-K patents.  And

24    we think, Your Honor, that it would make sense to look at

25    both of those motions to stay in the context of the same

1    case given that we don't know what the outcome those will

2    be.  We don't know if none of the patents will be stayed,

3    some of the patents will be stayed, or maybe the entirety

4    of both cases will be stayed.

5            That is another reason, Your Honor, to keep all

6    of the patents in the same case, so that the Court can

7    consider all of these issues, not just the common issues of

8    law and fact but all of these similar procedural issues in

9    the context of the same case.

10           THE COURT:  All right.  Thank you.

11           MR. PANIKOWSKI:  That is all, Your Honor.  Thank

12   you.

13           THE COURT:  Thank you.  I think it was helpful

14   to focus first on these questions of severance and stay,

15   though as I indicated in the questioning, while they're

16   related, I don't see them as fully intertwined either

17   substantively or procedurally, and I'm mostly focused on

18   the process right now.  And by that, I mean I believe I

19   now have all that I need in order to decide the severance

20   question, but I don't have everything I need to decide the

21   stay question.  So I'm going to decide severance but I'm

22   not going to decide any stay issues today.

23           In terms of severance, it is undisputed that

24   I have discretion to sever the counterclaims, that is, the

25   infringement claims brought by TSST as counterclaims.  They

1    were timely permissive but not compulsory counterclaims.

2    And exercising that discretion in the context of this case,

3    I do hereby order severance.  That is because I believe, as

4    an exercise of my discretion, that it will be best for the

5    overall efficient management of what will become two cases

6    to treat them as two cases because, in my mind, they are two

7    cases despite the overlap of the parties and the overlap at

8    a broad general level of the technology.

9            So I do hereby order that the what are now

10   counterclaims be severed, and should, as I assume is the

11   case, TSST wish to proceed on those, that they do so through

12   opening a new case.

13           My reasons for exercising my discretion in this

14   way include that it has taken quite some time for the LG

15   case to get started, and I see no reason to further delay

16   or in any way risk delaying the start of what began as the

17   LG case on four of LG's patents.  I think probably just as a

18   matter of common sense, a case that involves eight patents

19   is more difficult to manage and, all else being equal, will

20   proceed more slowly than a case with four patents.  Similarly,

21   a case in which patents are being asserted by both sides as

22   opposed to just by one side, likewise is all else being

23   equal more complex and will proceed more slowly.

24           I'm certainly very concerned about, if we get to

25   trial, what a trial would look like with eight patents and

1    in particular with four on each side.  And I recognize I

2    could defer deciding trial-related issues until later in

3    the case.  But the reason I don't think that is the best

4    exercise of my discretion here is it is just too easy to see

5    how at every step of this case things will be more

6    complicated and therefore probably proceed more slowly if I

7    have what are effectively two cases, eight patents, four on

8    each side, combined into one case.

9              So, again, I am granting the request for severance.

10              In terms of a stay, I don't have any formal

11    request for a stay.  That is something that at least in the

12    context of this case, if anybody wants me to stay something,

13    unless you agree on it, it is going to have to be requested

14    through a formal motion, particularly if it is a request for

15    a stay pending the review by the PTAB or an appeal from a

16    PTAB.  The factors there require or at least I think merit

17    a fuller discussion particularly with respect to IPRs, for

18    instance, that haven't even been filed yet.  We need to

19    know what exactly those IPRs look like, which claims, which

20    patents they go to, how that compares to the patents overall

21    and the claims overall that might be in the suit.  And both

22    sides should be entitled to a full chance to respond at

23    least in writing to a request like that.

24              So I am not deciding any stay issues today.

25    That said, the default as I think it was described by Mr.

1    Lieberman, that is true, it is hard to persuade me to stay

2    a case pending IPR when the IPR hasn't even been granted or

3    initiated yet by the PTAB, but that doesn't mean you can't

4    ask.  So we will deal with that when we get there.

5              And in terms of how we will deal with it

6    procedurally, if the parties, in what will now be two cases,

7    if the parties are in agreement that you will consent to

8    Magistrate Judge jurisdiction to handle motions to dismiss,

9    motions to stay, motions to transfer, motions to sever, you

10   need to prepare an order that I can enter in this case and

11   then in the new case, assuming it is coming, to make that

12   happen, and as long as you all unanimously agree to consenting

13   to the Magistrate jurisdiction, that takes me out of the

14   appeals route.  He will be the final say on any of those

15   motions.

16             So I do want to give you just a few moments to

17   touch on what may be four or so specific issues that at

18   least the plaintiff wants to raise, and I want to give

19   defendant a chance as well.  I don't have too much more time

20   left but let's try to move quickly through at least now

21   what the plaintiff identifies as four additional issues.

22             Go ahead, please.

23             MR. LIEBERMAN:  Your Honor, the first issue has

24   to do with, it's on page 7 of Document No. 63.  It has to do

25   with the amount of time for the deposition for Mr. Ko.

1    Mr. Ko is a Samsung employee who Samsung contends actually

2    invented the subject matter of two of the LG patents and

3    they claim that LG derived its invention from Mr. Ko.

4            Samsung has proposed either seven or 10

5    and-a-half hours.  It's 10 and-a-half of Mr. Ko to testify

6    in a language other than English.  We're proposing 14.  He

7    is a critical witness in the case.  And we raise this issue

8    now because it is just very difficult, particularly if the

9    deposition is going to be taken outside the United States,

10   to plan for a critical deposition without knowing how many

11   hours.

12           So I think it is probably a fair assumption he

13   will be testifying in a language other than English.  It is

14   really a difference of 10 and-a-half or 14, and we just ask

15   for certainty in that regard.

16           THE COURT:  Okay.  Next issue.

17           MR. LIEBERMAN:  Core technical documents.  That

18   appears on page 20 of the submission.  I think the only real

19   issue on that dispute is as to the source code.  We agree

20   that the source code can be produced.  This is Samsung, TSST

21   source code can be produced pursuant to the terms of the

22   protective order, but TSST had proposed that the source code

23   be limited to source code concerning the controller.

24           We think that is too limited.  That the patents

25   in this case implicate any piece of hardware or software

1    involved in defect management or storage of formatting

2    information.  So that code could relate to device drivers

3    or software tools.  So we prefer that the phrase "accused

4    features" or any of the language that I just set forth for

5    the Court.  We think that limiting it to the controller

6    means it will be back in front of the Court again, saying

7    we need more.

8                That's the second issue.

9                THE COURT:  Okay.  Move on.

10               MR. LIEBERMAN:  The third issue has to do with

11   e-mail searching.  And on further consideration, although

12   the issue is disputed in the submission, I believe we agree

13   that the ten search terms and three custodians makes sense.

14   So the e-mail searching so that is not really in dispute.

15               And the fourth and last issue has to do with the

16   number of claim terms to be construed.  The parties agreed

17   that for the LG case, it would be up to 10 claim terms.  For

18   the TSST case, our view is that 15 claim terms make more

19   sense at this point because there are a total of 153 claims

20   in the four TSST patents, and there are 21 claims that are

21   specifically identified as allegedly infringed in TSST's

22   counterclaims.  So since we could be dealing with a very

23   large number of patent claims, we just wanted the flexibility.

24   But that is not really an issue that needs to be decided now

25   anymore since the TSST case will be a separate case.

1              THE COURT:  Okay.  Thank you.  Let me hear the

2    defendants' response on those four issues, please.

3              MR. PANIKOWSKI:  Your Honor, my colleague Ms.

4    Kaji is going to address these two remaining disputed issues

5    briefly.

6              THE COURT:  Okay.

7              MS. KAJI:  Good morning, Your Honor.  This is

8    Saori Kaji from DLA Piper for TSST-K.

9              I believe counsel misspoke a few times in

10   referencing Defendants as Samsung.  We are representing

11   TSST-K this morning so I just wanted to clarify that.

12             As to the first point, regarding the deposition

13   transfers, Mr. Ko, we simply believe that 14 hours is not

14   warranted in this case.  Mr. Park, who is LG's witness and

15   the main inventor on three of the patents, should be subject

16   to a longer deposition time simply because of the number of

17   issues that we believe will be involved, but as to Mr. Park,

18   we think the standard seven hours or ten and-a-half for

19   translating the deposition should be more than sufficient

20   to cover the issues with respect to that witness.

21             Secondly, as to the core technical documents,

22   TSST-K agrees that source code will be relevant.  We intend

23   to make those available for inspection rather than production

24   pursuant to the terms of the protective order that the parties

25   are currently negotiating.

1          As to whether or not source code should be

2     limited to controller, I think given that the source code

3     is the crown jewel of TSST-K's technology, whatever source

4     code we produce should be limited to what is truly at stake

5     in the case and what is most relevant to describing the

6     relevant functions and features of the products.

7          And as to the third issue, which is the e-mail

8     searching, I think the parties are now in agreement.

9          As to the fourth issue regarding the claim

10    terms, we again think that ten terms across both TSST-K's

11    claims and LG's claims are sufficient to address any claim

12    construction issues.

13         THE COURT:  All right.  Thank you.  So with

14    respect to these issues that the plaintiff has raised, I

15    agree with the plaintiff on the Ko deposition and hereby

16    order it can be up to 14 hours.  I don't think that is an

17    unduly large amount of time for that deposition given that

18    individual's role in the case.

19         In terms of core technical documents, while I

20    don't necessarily look forward to the day that you come

21    back here with that dispute, I'm not going to decide it

22    now.  I'll decide it in the context of a specific discovery

23    dispute, should you find, as you go forward into discovery,

24    that you have a disagreement as to the scope of the source

25    code that needs to be produced.

1        There is no dispute on the e-mail searching.

2        On the number of claim terms, it will be limited

3   by agreement to ten disputed terms in this case, now the LG

4   case.

5        And in the separate case, the TSST case, you

6   will all meet and confer; and you should be assuming that

7   case is opened and filed and there is a response.  We'll

8   move to scheduling in that case as quickly as possible.  And

9   in that context, you all ought to talk again about whether

10  you can agree on 10 or 15 or some number in between.  And

11  if you can't, I'll decide that in the context of another

12  scheduling conference in that case.

13       Let me tell you a few other things from what I

14  saw in what you submitted, and then even though I am out of

15  time, I will give defendant a chance if there is any other

16  issue that I haven't addressed that you want to raise.

17       Let me say further, I need a revised proposed

18  schedule, the plaintiff should submit it on behalf of all

19  parties by next Monday, reflecting the decisions that we

20  have made today as well as other decisions and dates I am

21  about to give you.

22       So in terms of the dispute at the various

23  footnotes about the number of hours and other discovery

24  limits when you didn't know if I would sever the case or

25  not, you now know I have severed, but I am nonetheless

1    adopting the defendants' position there, and so all the

2    limits that the defendants said should apply, whether or

3    not the counterclaims were severed, those are the limits

4    in this case even though I have severed the counterclaims.

5              Elsewhere in the scheduling order, paragraph 17,

6    the hearing on claim construction will begin at 1:00 p.m. on

7    June 27th, 2016.  That's paragraph 17.

8              The hearing on case dispositive and *Daubert*

9    motions at page 14, April 25th, 2017, beginning at 9:00 a.m.

10             Pretrial conference, July 28th, 2017, beginning

11   at 9:00 a.m.

12             The proposed pretrial order will be due on

13   July 17th, 2017.

14             And we'll schedule this for a jury trial of five

15   days beginning on August 14th, 2017.

16             With all that, let me turn to defendants

17   briefly.  Were there any other issues you had hoped to raise

18   that we haven't gotten to?

19             MS. KAJI:  Yes, Your Honor.

20             MR. PANIKOWSKI:  Your Honor --

21             MS. KAJI:  Oh.

22             MR. PANIKOWSKI:  Yes.  Go ahead, Ms. Kaji, please.

23             MS. KAJI:  On the deposition limitation issue,

24   in addition to Mr. Ko, we also need to extend the deposition

25   time as to Mr. Parks who is the main inventor on LG's

1    patents.  And I believe in the footnote, LG has indicated

2    that it would agree to similarly a 14 hour deposition time

3    as to Mr. Park.  And TSST-K would request an order from the

4    Court to extend Mr. Park's deposition time to 14 hours.

5              THE COURT:  Right.  I understood there was no

6    dispute on that; is that correct?

7              MS. KAJI:  That is correct.

8              MR. LIEBERMAN:  That is correct, Your Honor.  So

9    in the revised proposed order we'll submit to the Court,

10   we'll include the statement that Mr. Parks' deposition can

11   extend up to 14 hours.

12             THE COURT:  Okay.  Thank you.  Are there any

13   other issues from defendants?

14             MR. PANIKOWSKI:  No, Your Honor.  No further

15   issues from TSST-K.  Thank you very much for your time

16   today.

17             THE COURT:  We'll look for the submissions I

18   outlined.  Thank you all very much for your time today.

19   Good-bye.

20             (Telephone conference ends at 9:49 a.m.)

21

22        I hereby certify the foregoing is a true and accurate
     transcript from my stenographic notes in the proceeding.
23

24                        /s/ Brian P. Gaffigan
                         Official Court Reporter
25                        U.S. District Court